ZIEGLER *v.* INDUSTRIAL COMMISSION OF OHIO.

(Decided May 27, 1929.)

*Mr. Nathan Vigran,* for plaintiff in error.
*Mr. Raymond J. Kunkel,* for defendant in error.

ROSS, J. This case comes into this court on error from the court of common pleas of Hamilton county, Ohio, wherein a judgment was rendered for the defendant below, the Industrial Commission of Ohio.

The petition recites that the plaintiff, as an employee of a company covered by industrial state insurance, was awarded compensation by the commission for a period of one and six-sevenths weeks; that the plaintiff applied for a rehearing before the Industrial Commission; that he was given a rehear-

ing; and that the commission made a finding as follows:

"From the record and proof on file in this case that the claim was recognized and allowed and that claimant was fully compensated for the injury set forth in the claim filed by him. That the rehearing be denied and that the commission finds claimant has been fully compensated for any disability due to the injury complained of."

A demurrer was filed to the petition, which was overruled.

The Industrial Commission then filed an answer, admitting all the allegations of the petition, whereupon the plaintiff moved for judgment, which motion was denied. The court thereupon entered the following judgment:

"This cause came on to be heard on the motion of the plaintiff for a judgment on the pleadings in favor of the plaintiff, and the court, being fully advised, finds that said motion is not well taken, and hereby overrules the same.

"The court further finds that, the defendant, having admitted all the allegations in plaintiff's petition, there being no further issue before the court, hereby renders judgment in favor of the defendant, at plaintiff's cost. To all of which the plaintiff, by his counsel, excepts."

The record does not indicate that the defendant moved for judgment on the pleading, or that the case was submitted to the court, and there was no act of the parties warranting the court's action in rendering judgment for the defendant, defendant in error here.

It is urged on behalf of defendant in error that the

court of common pleas had no jurisdiction to hear the action, because there had been no rehearing before the Industrial Commission, which is a requirement precedent to bringing an action in the court of common pleas, under Section 1465-90, General Code. The petition recites that a rehearing was had, and this fact is admitted by the answer. The finding of the commission also indicates that a rehearing was had, and the fact that the finding of the commission takes the form of a denial of the application for rehearing in no way affects the fact that a rehearing was had. The court of common pleas therefore had jurisdiction.

Plaintiff in error claims that, if Section 1465-90 denies to him the right to bring the instant action, the section is unconstitutional. Sections similar to the one in question, as found in the former act, known as the "Workmen's Compensation Act," have been held constitutional, and we think the same reasoning applies to the present section. See *State, ex rel. Yaple,* v. *Creamer,* 85 Ohio St., 349, 97 N. E., 602, 39 L. R. A. (N. S.), 694.

However, the petition contains no averment of fact upon which can be predicated a conclusion that the plaintiff in error is suffering from continuing injuries, indicating that further compensation is due, or any averment indicating that he has not been fully compensated.

We hold, therefore, in view of the fact that the demurrer to the petition should have been sustained, for the reason that the petition stated no cause of action, that, in spite of the irregularity of the judg-

ment of the court below, the judgment should be affirmed.

*Judgment affirmed.*

Cushing, P. J., and Hamilton, J., concur.